IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00275-RM-MJW

MORGAN STANLEY SMITH BARNEY LLC and
MORGAN STANLEY SMITH BARNEY FA NOTES HOLDINGS LLC,

Petitioners,

v.

LEOPOLD T. MONACO a/k/a LEOPOLD THOMAS MONACO,

Respondent.

---

**RECOMMENDATION ON
PETITION TO CONFIRM ARBITRATION AWARD (Docket No. 1)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the Court pursuant to an Order of Reference to Magistrate

Judge issued by Judge Raymond P. Moore on March 17, 2014 (Docket No. 6).

Petitioners ask the Court to enter judgment confirming an arbitration award under

the 9 U.S.C. § 9.  According to the proof of service filed by Petitioners, Respondent was

served on July 24, 2014.  He has not filed a response or otherwise appeared in this

action.  No motion for default judgment has been filed, and the only question referred to

this court under 28 U.S.C. § 636(b) is the Petition itself.

<u>**Legal Standards**</u>

Section 9 of the Federal Arbitration Act ("FAA") can be broken into the following

elements: (1) the parties must have agreed to binding arbitration; (2) the petition to

confirm the award must be brought within one year of the award; (3) notice of the

petition must be served on the adverse party; and (4) the petition must be brought in an appropriate court.  See 9 U.S.C. § 9.  Provided those elements are met and there are no grounds for vacatur, modification, or correction as prescribed in §§ 10 & 11 of the Act, the Court "must" enter judgment confirming the award.  *Id.*

As the U.S. Supreme Court explained in Hall Street Assocs. v. Mattel Inc.:

As for jurisdiction over controversies touching arbitration, the Act does nothing, being something of an anomaly in the field of federal-court jurisdiction in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis.  But in cases falling within a court's jurisdiction, the Act makes contracts to arbitrate valid, irrevocable, and enforceable, so long as their subject involves commerce . . . .

The Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.  An application for any of these orders will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court.

552 U.S. 576, 581-82 (2008) (internal citations, quotation marks, and alteration notations omitted).

Confirmation of an arbitration award under § 9 of the FAA is intended to be summary; a district court "does not sit to hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision."  *Morrill v. G.A. Mktg., Inc.*, 2006 WL 2038419, at *1 (D. Colo. July 18, 2006) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)).  Thus, arbitral awards must be confirmed even in the face of errors in factual findings, or interpretation and application of the law.  *See Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997).

## Findings of Fact & Conclusions of Law

The allegations in the Petition are supported by the exhibits and have not been challenged by the Respondent.  Accordingly, the Court considers the allegations to be true.  *Cf. D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006) (concluding that unopposed petitions for confirmation should be treated as motions for summary judgment).  The Court also makes the following findings of fact and conclusions of law.

As to subject-matter jurisdiction, the Court finds that Petitioners have established diversity of citizenship and an amount in dispute in excess of the statutory threshold under 28 U.S.C. § 1332 (Docket Nos. 1, 1–2, & 13).  The Court therefore finds that it has subject-matter jurisdiction.

As to the first element under § 9, Petitioners have alleged that a binding-arbitration agreement exists (Petition ¶ 8), and they have provided a promissory note signed by Respondent containing such an agreement (Docket No. 1–4).  In light of Respondent's failure to challenge the question, the Court finds that the parties did agree to binding arbitration.

As to the second element under § 9, Petitioners have alleged that the award was made on May 20, 2013 (Petition ¶ 12), and they have provided a copy of an arbitration award of that date (Docket No. 1–10).  The Petition in this case was filed on January 30, 2014 (Docket No. 1).  The Court finds that the Petition is timely.

As to the third element, 9 U.S.C. § 9 provides that, if the defendant is a resident of the judicial district in which confirmation is sought, service shall be according to the rules of that district.  The Petition alleges that Respondent is a resident of Colorado (Petition ¶ 4), and the proof of service filed by Petitioners shows that service was

4

effected in the District of Colorado (Docket No. 11).  The proof of service appears proper on its face, and the Court therefore finds that notice has been served for purposes of 9 U.S.C. § 9.

As to the fourth element, 9 U.S.C. § 9 requires a confirmation proceeding to be brought either in the court required by the arbitration agreement or, if there is no such court, in the U.S. District Court in which the arbitration was held.  As to that latter option, in light of the differing language used in §§ 10 and 11 of the FAA, the Supreme Court has interpreted the statute to allow confirmation petitions to be brought in any district where that would be appropriate under the general venue statute, 28 U.S.C. § 1391. *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000); *see also P&P Indus. v. Sutter Corp.*, 179 F.3d 861, 868–70 (10th Cir. 1999) (coming down on side of circuit split that prevailed in *Cortez Byrds*).  The Petition here does not allege that the arbitration agreement required confirmation to occur in any particular court.  However, the arbitration provision provided by Petitioners (Docket 1–4) requires the arbitration to be held "pursuant to the constitution, by-laws, rules and regulations then in effect of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc." Those two entities have reorganized as the Financial Industry Regulatory Authority (FINRA).  The Court hereby takes judicial notice of FINRA's posted arbitration rules under Federal Rule of Evidence 201,[1] and finds that Section 12904 of the applicable

---

[1] The rules are available at https://www.finra.org/ArbitrationAndMediation/Arbitration/ Rules/CodeofArbitrationProcedure/index.htm.  The fact is susceptible of judicial notice because FINRA's regulatory authority is generally known within this court's territorial jurisdiction and the contents of its arbitration procedures, as provided on the foregoing website, can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201.

5

code of procedure provides that "awards may be entered as a judgment in any court of competent jurisdiction."  Thus, the Court finds that the arbitration agreement does not require the award to be confirmed in a particular court, and therefore that the confirmation petition can be brought in federal court either in the district of arbitration or in any district where venue is otherwise proper.  The Petition alleges that Respondent is a resident of Colorado (Complaint ¶ 4), which would establish that venue is proper in this Court under 28 U.S.C. § 1391(b)(1), and thus that the confirmation petition may be brought in this Court.

Accordingly, I find that all of the required elements under 9 U.S.C. § 9 have been established, that no grounds for relief under § 10 or § 11 of the FAA are present, and the underlying contract (Docket No. 1–4) requires Respondent to pay Petitioners' costs of collection, including attorney's fees.  Therefore, the arbitration award should be entered as a judgment as outlined in the following recommendation.

## Recommendation

**WHEREFORE**, based on the foregoing findings of fact and conclusions of law, this Court **RECOMMENDS:**

1. That the Petition to Confirm Arbitration Award (Docket No. 1) be GRANTED;

2. That judgment be entered in favor of Petitioners Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, and against Respondent Leopold T. Monaco a/k/a Leopold Thomas Monaco, in the amount of $471,661.00, with 9.25% simple

6

interest per annum accruing from February 14, 2010 until the date
judgment is entered, plus arbitration costs of $25,273.00;

3.     That Petitioners be awarded their reasonable and necessary attorneys'
fees and costs, as determined by Judge Moore; and

4.     That post-judgment interest under 28 U.S.C. § 1961 shall accrue from
the date that judgment is entered by Judge Moore until the judgment is
fully paid.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the
parties have fourteen (14) days after service of this recommendation to serve and
file specific written objections to the above recommendation with the District
Judge assigned to the case.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy.  The District Judge need
not consider frivolous, conclusive, or general objections.  A party's failure to file
and serve such written, specific objections waives de novo review of the
recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53
(1985), and also waives appellate review of both factual and legal questions.
Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,
91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  August 26, 2014                    */s/ Michael J. Watanabe*_____
      Denver, Colorado                       Michael J. Watanabe
                                             United States Magistrate Judge